IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JEFFREY SCOTT and BONNIE SCOTT, individually and on behalf of all others similarly situated;<br><br>**Plaintiffs,**<br><br>vs.<br><br>UNION BANK AND TRUST COMPANY,<br><br>**Defendant.** | **4:23CV3126**<br><br>**ORDER FOR CONSOLIDATION AND APPOINTMENT OF CO-LEAD CLASS COUNSEL** |
| PAUL F. BENDER, individually and on behalf of all others similarly situated;<br><br>**Plaintiff,**<br><br>vs.<br><br>UNION BANK AND TRUST COMPANY,<br><br>**Defendant.** | **8:23CV298**<br><br>**ORDER FOR CONSOLIDATION AND APPOINTMENT OF CO-LEAD CLASS COUNSEL** |

This matter is before the Court on the Motion to Consolidate Related Actions and Appoint Interim Co-Lead Class Counsel (Filing No. 6 in Case No. 4:23CV3126) filed by the plaintiffs in each of the above-captioned cases. The plaintiffs seek consolidation of the above-captioned related cases, as well as any subsequently filed or transferred related actions, for all purposes pursuant to Rule 42(a) of the Federal Rules of Civil Procedure.

After review of the pleadings and the motion, the Court finds consolidation pursuant to Fed. R. Civ. P. 42(a) is warranted. The plaintiffs' claims all arise out of a cyberattack on the defendant's computer network beginning on or between May 29, 2023, and May 31, 2023, ("the Data Breach"), which compromised the plaintiffs' sensitive private information. Thus, both actions will involve common questions of law and fact. See Fed. R. Civ. P. 42(a) (permitting a court to consolidate actions "involve[ing] a common question of law or fact."). The plaintiffs have proposed filing a consolidated amended complaint in what the Court will designate the Lead Case, *Scott et al v. Union Bank and Trust Company*, Case No. 4:23-cv-03126; thereafter, the plaintiffs

propose administratively closing the remaining member case. Filing a consolidated amended complaint will obviate the need for the plaintiffs to serve process upon the defendant in multiple cases, and will require the defendant to only file one responsive pleading. As such, consolidation at this early juncture will conserve the parties' and court's resources and better serve the interests of judicial economy.

The plaintiffs also move for the appointment of Mason A. Barney of Siri & Glimstad LLP, David S. Almeida of Almeida Law Group, and Tyler W. Hudson of Wagstaff & Cartmell, LLC, as Interim Co-Lead Class Counsel. Federal Rule of Civil Procedure 23(g)(3) provides that the court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." When appointing class counsel, interim or otherwise, Rule 23(g)(1)(A) requires the court to consider (1) "the work counsel has done in identifying or investigating potential claims in the action," (2) "counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action," (3) "counsel's knowledge of the applicable law," and (4) "the resources that counsel will commit to representing the class." The court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). The Manual for Complex Litigation provides that the court should "ensure that counsel appointed to leading roles are qualified and responsible, that they will fairly and adequately represent all of the parties on their side, and that their charges will be reasonable." Coordination in Multiparty Litigation—Lead/Liaison Counsel and Committees, Ann. Manual Complex Lit. § 10.22 (4th ed.) "Counsel designated by the court also assume a responsibility to the court and an obligation to act fairly, efficiently, and economically in the interests of all parties and parties' counsel." *Id.*

After review of the Rule 23(g)(3) factors, the Court finds the consolidated actions would benefit from interim class counsel for efficient case management. As demonstrated by the brief and accompanying resumes, proposed interim co-lead counsel are experienced and qualified attorneys, and each has knowledge of the applicable law, experience in managing and prosecuting cases involving data security and privacy, notable successes against large corporate defendants, and resources they are willing to expend to litigate these cases. Proposed interim co-lead counsel were the first to file a case arising out of the data breach at issue in these cases, and have been involved in investigating, prosecuting, and coordinating this litigation, including the preparation and filing of the motion for consolidation. The proposed interim co-lead counsel also plan to

contact defense counsel to begin a process of voluntary discovery that may result in early mediation. And, although there is no other counsel currently vying for appointment as interim lead counsel, and the proposed interim co-lead counsel already represent all the current plaintiffs in this consolidated action, the Court nevertheless finds appointment of interim counsel at this juncture makes sense. The data breach at issue in this case allegedly occurred in May 2023, and notice to affected individuals—of which there are over 200,000—began in June 2023. Given the relatively recent notification of thousands of affected individuals, it is reasonable to assume more lawsuits with similar or same claims arising out of the same data breach are forthcoming. For these reasons, the Court finds the appointment of the proposed interim co-lead counsel is appropriate under Federal Rule of Civil Procedure 23(g), and will grant their motion. Upon consideration,

**IT IS ORDERED**:

1. The plaintiffs' Motion to Consolidate Related Actions and Appoint Interim Co-Lead Class Counsel (Filing No. 6 in Case No. 4:23CV3126) is granted.
2. The above-captioned cases are consolidated for all purposes. The Court designates Case No. 4:23CV3126 as the "Lead Case" and Case No. 8:23CV298 as a "Member Case."
3. The Court's CM/ECF System has the capacity for "spreading" text among the consolidated cases. If properly docketed, the documents filed in the Lead Case will automatically be filed in all Member Cases. To this end, the parties are instructed to file all further documents (except as described below in subsections a. and b. of this paragraph) in the Lead Case, 4:23CV3126, *Scott et al v. Union Bank and Trust Company*, and to select the option "yes" in response to the System's question whether to spread the text.
    a. The parties may not use the spread text feature to file complaints, amended complaints, and answers; to pay filing fees electronically using pay.gov; to file items related to service of process; or to file notices of appeal. Attempting to do so will cause a system error, and therefore these documents must be separately filed in each of the lead and any member cases. When filing such documents, counsel may either file the document

      separately in each case, or file the document in the Lead Case and ask the court to then file it in all member cases.

      b. If a party believes that a document in addition to those described in subparagraph a. above should not be filed in all of these consolidated cases, the party must move for permission to file the document in a limited number of the cases. The motion must be filed in each of the consolidated cases using the spread text feature.

4. The plaintiffs shall file a Consolidated Amended Complaint in the Lead Case on or before **September 7, 2023**. Once the plaintiffs file a Consolidated Amended Complaint in the Lead Case, the Clerk of Court is directed to administratively close the Member Case.

5. For subsequently filed or transferred cases arising out of the same subject matter at issue in the Consolidated Lead Case, attorneys of record must notify the court that the case is related to this action pursuant to NEGenR. 1.4(A).

      a. A party seeking to consolidate a subsequently filed related case must file a motion to consolidate in that case. The motion should state whether it is opposed or unopposed. Pursuant to NECivR. 7.1(a)(1)(B), an unopposed or stipulated motion does not require a brief.

      b. If the motion to consolidate is opposed, the Court will rule on such motion after briefing in accordance with NECivR. 7.1.

6. Mason Barney, Siri & Glimstad, LLP; David Almeida, Almeida Law Group LLC; and Tyler Hudson, Wagstaff & Cartmell, LLP; are appointed as Interim Co-Lead Class Counsel.

Dated this 25th day of July, 2023.

      BY THE COURT:

      s/Michael D. Nelson
      United States Magistrate Judge